WALLACE, JUDGE:
Thomas E. Huzzey, present Commissioner of the West Virginia Oil and Gas conservation Commission, brought this action to recover $38,789.99. He acted in a dual capacity, *127 from July 1, 1980 through June 30, 1982, as Commissioner and also as Administrator for the Office of Oil and Gas which is under the Department of Mines. He was not paid for the latter position and, therefore, seeks $28,000.00. The additional amount of the claim, $10,789.99, represents salary increase requests which were denied him in his capacity as Commissioner. Claimant alleges that W.Va. Code §22-4-1 la, the statute in effect at the time, supports his theory for the basis of his claim.
James B. Gehr, Chairman of the West Virginia Oil and Gas Conservation Commission, testified that he received a letter from Walter M. Miller, Director of the ten Department of Mines, on June 1, 1981. It requested permission from the Oil and Gas conservation Commission to permit the temporary appointment of the Oil and Gas Conservation Commissioner, as Acting Administrator of the Office of Oil and Gas. The only discussion he remembers was that the salary of the former administrator was $28,000.00. A letter of June 5, 1981, delineated the salary to be paid to the claimant in his new capacity. Within a month, he received a letter from the administration indicating that the salary could not be paid. An opinion of the Attorney General stated that if claimant was paid, the salary had to be paid from funds of the Department of Mines.
Claimant testified that he assumed the position of Administrator of the Office of Oil and Gas on a volunteer basis at the request of Walter Miller, Director of the Department of Mines. He admitted that neither before he was appointed by Mr. Miller nor after he was appointed by Mr. Miller was he ever told that he would be paid by the Department of Mines for assuming the position of Acting Administrator of the Office of Oil and Gas.
Walter Miller, Director of the Department of Mines, testified that the administrator position is a full-time position. He stated that in July, 1980, the Mine Inspectors Examining Board contacted him with reference to the administrator or deputy director position. As he knew of no one other than the claimant who had the proper qualifications, he discussed the position with the claimant. He asked the claimant to assist him in the position temporarily until a qualified person was found to fill the position. He cannot remember any discussion concerning compensation for the claimant. Mr. Miller stated that he had no intention of compensating the claimant as the Acting Administrator.
Arnold Margolin, Commissioner of the Department of Finance and Administration at the time of this incident, testified that he is familiar with the various agencies and the budgetary procedures of the State of West Virginia. The Office of Oil and Gas is a special revenue, non-appropriated agency. It is necessary when this agency hires an administrator or an acting administrator to submit the payment schedule for that person’s salary through channels as required. The department (then Finance and Administration) would then approve the payment of the salary to that individual. This is also the procedure for hiring an employee of the Oil and Gas Conservation Commission. The request for paying a salary to claimant in his temporary capacity *128 as Acting Administrator of the Office of Oil and Gas was denied. Margolin explained the reasoning of this decision. The two positions inherently had overlapping areas of responsibility, and it was his opinion that payment for the second job was permissive, not mandatory. Secondly, the Governor had imposed expenditure reductions which prohibited th approval of a second salary for claimant. Additionally, it is not unique for other department heads to assume additional responsibilities in administering other programs and other offices without being compensated. He stated too, that he never wrote a letter to the Oil and Gas Conservation Commission, the claimant, or Mr. Miller denying the salary request as the salary was never requested.
After carefully reviewing all of the evidence presented, the Court finds that the claimant has not substantiated his position. W.Va. Code §22-4-1 la with the language "The director of the department of mines ... may employ the oil and gas conservation commissioner as acting administrator of the office of oil and gas ... and pay him an additional amount ... ." provides a discretionary, rather than a mandatory, duty. For this reason, the Court is unable to find any evidence or statutory authority for awarding this claim. Therefore, the Court is of the opinion to, and does, deny the claim.
Claim disallowed.