PER CURIAM:
The claimant brought this action for personal injuries sustained when she slipped on the berm area of a road maintained by the respondent in Berkeley County.
The incident giving rise to this claim occurred on September 19, 1997, at approximately 12:45 p.m. The claimant had pulled off of Needy Road (County Route 36/1) in order to pick some cattails. The evidence adduced at hearing established that County Route 36/1 in this area is a two-lane paved road with numerous curves. The berm and shoulder area are narrow and drop into a drainage ditch located in close proximity to the edge of the pavement.
The claimant described her actions that day as follows: she cut three cattails located off the edge of the roadway, she returned to her vehicle to open the back door, then she walked back on the berm toward the cattails on the ground with the intention of retrieving them to place them on the back seat of her vehicle when a section of the berm gave way causing her to slip and fall. Claimant suffered compound fractures to her leg. Claimant has alleged numerous damages, including medical bills and lost job benefits.
The respondent’s right of way in this area extended 15 feet from the center line. The cattails in question were located just off the respondent’s right of way in a privately-owned wetland area. It was the respondent’s position that it had no prior notice of a defective berm area in this location.
It is well established that the State of West Virginia is neither an insurer nor a guarantor of the safety of travelers upon its roads and highways. Adkins vs. Sims, 46 S.E.2d 81 (W.Va. 1947). The general rule with regard to berm accidents is that when a motorist proceeds onto the berm voluntarily, he takes the berm as he finds it. But when a motorist is forced to use the berm in an emergency, he is entitled to rely upon it and the respondent may be held liable for failure to maintain the berm in a reasonably safe condition. Meisenhelder vs. Dept. of Highways, (CC-88-149), unpublished opinion issued August 10, 1990, Sweda vs. Dept. of Highways, 13 Ct. Cl.249 (1980). A review of recent decisions reveals that this rule has been applied consistently and the Court sees no reason to change its reasoning. It is further the general rule of this Court that it will not substitute its judgment for the respondent’s with regard to its decisions regarding road design and the adequacy of the berm and shoulder width. Finally, the Court has held that in order to hold the respondent liable for road defects such as potholes or fallen tree hazards, the claimant must prove that the respondent knew or had reason to know of the hazard. Hamon vs. Dept. of Highways, 17 Ct. Cl. 127 (1986).
The evidence indicates that the claimant voluntarily proceeded onto the berm where she had her accident. While sympathetic to the claimant’s position, the Court is of the opinion that there is insufficient evidence of negligence on the part of the respondent upon which to base an award. Therefore, in view of the foregoing, the Court is constrained to deny the claim.
Claim disallowed.